UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **DOROTHY MCINERNEY** | : | |
| | : | CASE NO. 3:17-cv-177-HSM-HBG |
| Plaintiff | : | JUDGE: HARRY S. MATTICE, JR. |
| vs. | : | MAG. JUDGE: H. BRUCE GUYTON |
| **CONSOLIDATED NUCLEAR SECURITY LONG-TERM DISABILITY PLAN, et al.** | : : | |
| Defendants | | |

**PLAINTIFF, DOROTHY MCINERNEY'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Now comes Plaintiff, Dorothy McInerney, by and through counsel, and hereby files her Reply to Defendants' Response in Opposition to Plaintiff's Motion for Judgment on the Administrative Record. After review of Plaintiff's original Motion (Doc. 25, 26) and this Reply, this Court should award judgment on the administrative record to Plaintiff.

                Respectfully submitted,

                */s/ Joseph P. McDonald*

                Joseph P. McDonald (0055230)
                McDonald & McDonald Co., L.P.A.
                200 E. Spring Valley Rd, Suite A
                Dayton, OH 45458
                Tel: (937)428-9800; Fax: (937)347-5441
                joseph@mcdonaldandmcdonald.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed via the Court's Electronic Filing Systems and intended to be served upon all counsel of record via the Court's electronic mail system this 26th day of March, 2018.

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)

# I. PLAINTIFF'S REPLY TO METLIFE'S CLAIM THAT A GRANT OF DISCRETION DOES EXIST TO METLIFE.

On pages 11-13 of Doc. 27, the Defendants argue that they are entitled to a review under the arbitrary and capricious standard. Regrettably, all the citations to the record offered by the Defendants suffer from the same fatal flaw which prevents a deferential review. The Plan documents filed by Defendants indicate that the Plan reserves discretion to the "Company" which is defined as, "Babcock & Wilcox Technical Services Y-12, LLC." (hereinafter "BWXT Y-12, LLC") The Plan document *contemplates the existence of a Claims Administrator but does not specifically identify who the claim administrator is*. None of the Plan documents offered by the Defendants show that Metlife is the nominated recipient of discretion as it is contemplated under the terms of the Plan. The Defendants offer AR 1281 to support the idea that Metlife enjoys the grant of discretion under the Plan. There is nothing within AR 1281 that would support the idea that Metlife has received the discretion contemplated to a *potential* claims administrator.

A grant of discretion cannot be implied as it relates to a specific entity. The Defendants, at a minimum, must be able to prove that a grant of discretion has been extended to an identified claims administrator. In the case *subjudice*, the only entity that has discretion, is the "Company" which is defined as "BWXT Y-12, LLC." Regrettably, for the Defendants, "BWXT Y-12, LLC", did not make any of the decisions in this case. All the decisions to deny LTD benefits were made by Metlife. Fundamentally, there is nothing in the proffered plan documents that would lead a reasonable person to conclude that Metlife, a corporation, is the beneficiary of the discretion contemplated in the plan. Metlife should be named specifically as a corporate entity but it is not and as such, Plaintiff is entitled to a *de novo* review of any decision made by Metlife. The Defendants are wrong and the Court must use the *de novo* standard of review as it reviews any decisions made by Metlife. See *Sanford v. Harvard Industries*, 262 F 3d 590, 597 (6th Cir., 2001),

1

(holding *de novo* standard of review applies where proper plan procedures are not followed and a body without authority revoked an employees' benefits). Also see *Sisk v. Gannett Company, Inc., et al.*, Case No. 3:11-cv-1159, (MDTN, Judge Campbell's Order filed Aug. 13, 2014, Doc. 98), (order approving *de novo* review when no clear grant to Aetna could be found). (Also see Magistrate Judge Review and Recommendation in *Sisk* by Magistrate Judge Joe Brown filed on April 21, 2014, Doc. 89).

## II. PLAINTIFF'S REPLY TO METLIFE'S CLAIM THAT A FULL AND FAIR REVIEW WAS COMPLETED.

The Defendants misstate to this Court that the Plaintiff argued that there was a requirement that Metlife must undertake an Independent Medical Examination (Pg. 17, Doc. 27). Plaintiff's argument did not claim that Metlife was <u>required</u> to conduct an Independent Medical Examination. Sixth Circuit case law clearly states that there is no requirement that an Independent Medical Examination be done, but, where a Plan retains an ability to complete an Independent Medical Examination and does not do so, that factor weighs against the integrity of the decision. This is particularly true where there is clinical evidence and opinion evidence supporting the disability. See *Shaw v. AT&T Umbrella Plan No. 1*, 795 F 3d 538, 550, (6th Cir., 2015). Also see *Calvert v. Firstar Finance, Inc.*, 409 F 3d 286, 295, (6th Cir., 2005), (a failure to conduct an exam may raise questions about the thoroughness and accuracy of benefits determination).

Clinical and opinion evidence supports Ms. McInerney's complaints of pain and limitation in her hands as well as her low back throughout the administrative record. Metlife could have helped itself by obtaining an Independent Medical Examination. Its failure to do so is indicative of an arbitrary act when evidence exists both for and against a claimant's disability.

2

If a full and fair review was completed, as Defendants suggest, why are the Defendants non compliant with the requirements of the Code of Federal Regulations. See 20 CFR § 2560.503(g)(2)(vii)(A)(i)(ii) and (j)(6)(i)(A), requiring an actual explanation of why the claimant's evidence was rejected initially and after appeal. Defendants seemingly agree that they failed in their obligation to Plaintiff by invoking the doctrine of substantial compliance (Doc. 27, pg. 19). The full and fair review requirement under 29 USC 1133 is supported by the regulations at 29 CFR 2560.503-1 which clearly states, "This section sets forth the <u>minimum requirements</u> for Employee Benefit plan procedures." See 29 CFR § 2560.503-1(a). The above regulatory guidance is not hollow in this case or any other when disability benefits are improperly withheld. (See Denial letters at AR 16-20 and AR 534-536; both non-compliant with this mandate).

An explanation of why the opinions of Plaintiff's treating physicians at AR 355, 537, 649, 656-659 and 1057, are not useful or incorrect, would have been profoundly helpful to understand the decision to deny Plaintiff's claim.

Additionally, an explanation of how two of Plaintiff's doctors charted severe strength loss in Plaintiff's hands (AR 212, 379, 385); while Metlife returns Plaintiff to her prior occupation which required continuous use of her hands in an office environment, is missing. Finally, is a full and fair review even possible when the ultimate conclusion does not address the claimant's needs for pain injections in her lumbar spine (AR 628-643, 757-763, 921-926) while concluding that Plaintiff could return to sedentary work; which requires frequent sitting. When a Defendant's explanation lacks clarity, cannot be followed and ignores evidence of record, it is unreliable under any standard of review and does not comport with even the vaguest idea of a full and fair review. See *Godmar v. Hewlett Packard*, Case No. 15-1480, (6th Cir., Dec. 9, 2015), (failure to explain why treating physicians are not reliable casts doubt on a principled reasoned process).

3

Case 3:17-cv-00177-HSM-HBG   Document 28   Filed 03/26/18   Page 5 of 8   PageID #: 2566

If this Court uses a *de novo* review in this matter, it will be easy to determine Plaintiff's entitlement to continued benefits because the evidence offered in favor of non-disability is not reliable. In a *de novo* review, no amount of deference is acceptable and the clarity and consistency of Plaintiff's proof has established that Mrs. McInerney cannot return to the occupation that she has been disabled from since 2013 or any occupation. See generally *Hoover v. Provident Life*, 290 F 3d 801, 808-809, (6th Cir., 2002), (analysis under a *de novo* review).

### III. PLAINTIFF'S REPLY TO METLIFE'S CLAIM ANALYSIS

In an alarming paragraph on page 20, of Doc. 27, Defendants state,

> "Plaintiff also challenges Metlife's vocational analysis on the grounds that Metlife only provided Dr. Hinrichs' notes for Corvel to review and use during its analysis. Notably Plaintiff does not cite anything in the administrative record to support this contention. A review of the administrative record only indicates that Corvel relied upon 'Metlife case notes' which identified specific modifications." (AR 114-115). These modifications are consistent with Dr. Hinrichs' report as well as Dr. Monkofsky's report. There is no evidence that Metlife only provided Dr. Hinrichs' report for its analysis." (Doc. 27, pg. 20)

A close examination of this argument reveals three problems with the Defendants understanding of the claim file. First, it is true that the Corvel reports do not indicate that Dr. Hinrichs' report was exclusively used, but Metlife cannot ignore the fact that the restrictions in Dr. Hinrichs' report are identical to the restrictions that appear in the Corvel reports.

Second, Metlife's final denial letter sent to the claiment, clarifies its behavior. In their final denial letter, (AR 16-20) it is clear that Dr. Hinrichs is identified as an, "Independent Physician Consultant" or "IPC." (AR 17) It is also clear that Metlife states,

> "On appeal, a Vocational Rehab Consultant (VRC), (Corvel) was requested to author an opinion as to whether the **restrictions and limitations provided by the IPC** would prevent you from performing the duties of your regular job." (AR 18)

4

Thus, Metlife's letter acknowledges that it only transmitted Dr. Hinrichs' report to use in its vocational analysis. The difficulty with this behavior was well described in the Plaintiff's Motion for Judgment on the Administrative Record (Doc. 26, pg. 20-21). See *Spangler v. Lockheed Martin*, 313 F 3d 356, 362 (6th Cir., 2002), (a vocational analysis which only uses the report of a paid reviewer for restrictions and limitations is insufficient).

Lastly, the Defendants should not be content to rely on Corvel's use of "Metlife case notes" to support the veracity of its vocational analysis. The larger question posed by Metlife's argument is, why aren't the, "Metlife case notes" part of the administrative record that the defendants filed with this Court? Metlife's failure to articulate which vague case notes were relied upon by Corvel, further supports the conclusion that Metlife behaved improperly.

## IV.     CONCLUSION

While there are multiple problems with the defense offered by Metlife and the Plan, Ms. McInerney presented evidence that she continues to meet the definition of disability and is entitled to an award of benefits under the *de novo* standard of review. Alternatively, the behaviors of Metlife do not reflect a deliberate, principled reasoned process and thus are arbitrary and capricious. Under either standard of review, Plaintiff's Motion for Judgment on the Administrative Record should be granted.

5

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH 45458
Tel: (937)428-9800; Fax: (937)347-5441
joseph@mcdonaldandmcdonald.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed via the Court's Electronic Filing Systems and intended to be served upon all counsel of record via the Court's electronic mail system this 26th day of March, 2018.

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)

6